FILED

FEB 1 7 2011

CLERK, US DISTRICT COURT
NEWPORT NEWS, VA

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

LEROY C. THOMAS, III,

        Plaintiff

v.                                      CIVIL NO. 4:11cv39

EQUIFAX INFORMATION SERVICES, LLC.,

SERVE:    Corporation Service Company, Registered Agent
              11 S. 12th Street
              Richmond, VA 23218,

        Defendant.

## COMPLAINT

COMES NOW the Plaintiff, LEROY C. THOMAS, III, by counsel, and for his complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p). Venue is proper as the Plaintiff resides in the Eastern District of Virginia, Newport News Division and a significant part of the Plaintiff's claim occurred there.

### PARTIES

3. The Plaintiff is a natural person and resident of the State of Virginia. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, **EQUIFAX INFORMATION SERVICES, LLC.** ("*Equifax*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

5. Upon information and belief, *Equifax* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

7. In 2009, the Plaintiff attempted to obtain a loan for the purpose of purchasing real estate and was advised that Defendant, Equifax was reporting a federal tax lien within his credit report (the "Equifax reporting").

8. The Equifax reporting was inaccurate. Plaintiff did not owe any sums whatsoever to the Internal Revenue Service and there was no public record tax lien filed against him.

9. Plaintiff subsequently researched the IRS tax lien and discovered that the tax lien actually applied to his father, who while with a different Social Security Number, date of birth and full name, did share the same first and last name.

10. The Plaintiff's research also discovered that the tax lien was – on its face – for tax years 1999-2004, a period before the Plaintiff had reached age 18.

11. At all times, the same information discovered in Plaintiff's research was also reasonably available to Equifax.

12. At all times relevant hereto, Equifax had information confirming that the Plaintiff was born in April, 1983 and had not reached age 18 as of 2004.

13. In February 2009, Plaintiff made a dispute to Equifax regarding the inaccurate reporting of public records within Plaintiff's credit file.

14. On or about February 21, 2009, Equifax's Results of Investigation mailed to the Plaintiff

advised that the federal tax lien had been verified and that the reporting of same would remain on the Plaintiff's credit report.

15. Equifax received, but ignored the Plaintiff's dispute and did refuse to delete the inaccurate information regarding the public record from the Plaintiff's credit file.

16. Equifax had actual knowledge of this inaccuracy and deliberately chose to ignore and permit the reporting of the inaccurate public record.

17. After receiving Plaintiff's notice of the inaccuracy and since February 2009, Equifax prepared and published to third parties multiple inaccurate consumer reports about Plaintiff that contained the inaccurate public record.

18. Equifax received Plaintiff's dispute, but wholly and entirely failed to conduct the reinvestigation required by law.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681e(b)

19. The Plaintiff realleges and incorporates paragraphs 1 through 18 above as if fully set out herein.

20. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintains concerning the Plaintiff.

21. As a result of the conduct, actions and inactions of Equifax the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damages, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

22. Equifax's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the

alternative, Equifax was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

23. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681i(a)(1)

24. Plaintiff realleges and incorporates paragraphs 1 through 23 above as if fully set out herein.

25. Equifax violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

26. As a result of the conduct, actions and inactions of Equifax, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

27. Equifax's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Equifax was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

28. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681i(a)(4)

29. Plaintiff realleges and incorporates paragraphs 1 through 28 above as if fully set out herein.

30. Equifax violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

31. As a result of the conduct, actions and inactions of Equifax, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

32. Equifax's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Equifax was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

33. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681i(a)(5)(A)

34. Plaintiff realleges and incorporates paragraphs 1 through 33 above as if fully set out herein.

35. Equifax violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

36. As a result of the conduct, actions and inactions of Equifax, the Plaintiff suffered actual

damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

37. Equifax's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Equifax was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

38. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against the Defendant, for attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

LEROY C. THOMAS, III,

By_____
Of Counsel

LEONARD A. BENNETT, VSB #37523
SUSAN M. ROTKIS, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
(Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile

*Counsel for Plaintiff*